<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIA COPELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUDGE ANNE THOMPSON, et al., <br><br> Defendants. | Civil Action No. 23-23409 <br><br> **OPINION** <br><br> October 3, 2024 |
| MARCIA COPELAND, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE DONALD J. STEIN, et al., <br><br> Defendants. | Civil Action No. 24-07971 |

**SEMPER**, District Judge.

The current matter comes before the Court on multiple motions to dismiss. (ECF 35; ECF 36; ECF 37; ECF 38; ECF 39; ECF 40; ECF 77.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, all motions to dismiss are **ADMINISTRATIVELY TERMINATED** as moot; Plaintiffs' Complaint (ECF 1) is **DISMISSED without prejudice**.

Plaintiff Marcia Copeland ("Copeland") brings this action concerning a state court default judgment entered against her in February 2012. (ECF 1.) Mildred Jackson is listed as a plaintiff in this action, though the Complaint fails to specify claims on her behalf. (*See id.*) Copeland has filed multiple frivolous complaints against members of the New Jersey judiciary, federal judiciary, New Jersey state government, federal government, and attorneys concerning the same state court default judgment entered against her in February 2012. *See Copeland v. Abo & Company, LLC*, 1:13-cv-03978-RMB-KMW ("Copeland I"); 1:13-cv-03979-RMB-KMW ("Copeland II"); 1:13-cv-04232-RMB-AMD ("Copeland III"); *Copeland v. United States Department of Justice*, 3:15-cv-07431-AET-TJB ("Copeland IV"); *Copeland v. State of New Jersey*, 1:17-cv-12104-NLH-JS ("Copeland V"); 1:18-cv-10554-NLH-JS ("Copeland VI"); 3:20-cv-07016-FLW-DEA ("Copeland VII"). Her complaints have repeatedly been dismissed by New Jersey and federal courts; her federal actions have been dismissed on several grounds including judicial immunity, res judicata, New Jersey's entire controversy doctrine, the *Rooker-Feldman* doctrine, and failure to state cognizable claims. *See id.* This Court in *Copeland v. Township of Bellmawr, et al.*, No. 1:17-cv-12104-NLH-MJS ("2017 Action"), entered an order barring Copeland from filing any further lawsuits related to the same subject matter in this Court without the Court's approval.

In the current action[1], Copeland and Jackson assert previously rejected claims for the eighth time, now including Judge Hillman as a defendant. Plaintiffs bring this action against Hon. Anne Thompson, Hon. Freda Wolfson, Hon. Noel Hillman, Hon. Renée Bumb, New Jersey Department of Law and Public Safety, Hon. Nan. S. Famular, Hon. Sherri Schweitzer, Hon. Deborah Silverman-Katz, Scott Levine, Larry Bell, Andrew Karcich, Advisory Committee of Judicial

---

[1] Copeland's related case, No. 24-07971, brings claims of a similar genre against several of the same defendants. She has filed several other actions in this District arising out of different properties. *See Copeland v. Township of Pennsauken,* 1:14-cv-02002-RMB-AMD; *Copeland v. Newfield Bank,* 1:17-cv-00017-NLH-KMW; *Copeland v. US Bank,* 1:18-cv-00019-NLH-KMW.

2

Conduct, Robert Saldutti, the United States Government, Gary Zeitz, and Martin Abo. (ECF 1.) Plaintiffs also attach Judge Hillman's opinion from the 2017 Action. (*Id.*) There are pending motions to dismiss from Martin Abo (ECF 36), Scott Levine (ECF 37), Hon. Nan Famular, Hon. Deborah Silverman-Katz, Hon. Sherri Schweitzer, the Supreme Court of New Jersey Advisory Committee on Judicial Conduct ("ACJC") (collectively, the "Judiciary Defendants"), and the Attorney General's Office Department of Law and Public Safety (ECF 38), Robert Saldutti (ECF 39), Gary Zeitz (ECF 40), and Chief Judge Renée Bumb, former Chief Judge Freda Wolfson, retired U.S. District Judges Anne Thompson and Noel Hillman, and IRS employee Lawrence Bell ("Federal Defendants"). (ECF 77.) Plaintiffs have filed multiple submissions throughout the docket. (*See generally* Docket No. 23-23409.)

After reviewing the Complaint, the Court recognizes that this is another one of "Plaintiff's unrelenting efforts to relitigate a 2012 state court judgment by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved . . ." (September 28, 2021 Opinion, No. 17-12104-NLH-JS, ECF 110.) This attempt names Judge Hillman as a defendant, who penned the September 28, 2021 Opinion attached to the Complaint. (*See* ECF 1-3.) This Court enjoined Copeland "from filing any claims in this District regarding the subject matter of her prior cases (Copeland I through Copeland VII) without prior permission of the Court." (September 28, 2021 Opinion at 6.) This Complaint clearly falls within the bounds of this Court's injunction and is therefore precluded because Copeland failed to obtain leave of the Court before filing it. (*Id.*) The Complaint is accordingly **DISMISSED without prejudice**.[2] *See also Gage v. State of New Jersey*, No. 19-9098 (D.N.J. Dec. 30, 2019) (Shipp, J.) (dismissed for violating preclusion order), *aff'd*, No. 20-1075 (3d Cir. Oct. 8, 2020).

---

[2] Because there are no cognizable claims relating to or involving Plaintiff Jackson, the Court dismisses the entirety of the Complaint without prejudice as to her. (*See* ECF 1.)

3

Further, given Plaintiff's renewed attempts to harass and relitigate, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets. *Telfair v. Office of U.S. Attorney*, 443 F. App'x 674, 677 (3d Cir. 2011) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." *Telfair*, 443 F. App'x at 677 (citation omitted). Before a court issues a litigation preclusion order, the court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. *Id*. (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

This Court has already found that the "history of this case and Plaintiff's unrelenting efforts . . . [in] filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved appears to warrant the imposition of sanctions in the form of a litigation preclusion order." (Copeland V, ECF 95 at 14-16.) As previously noted by Judge Hillman:

> The federal district court is not Plaintiff's playground, although she has treated it as such. Moreover, Plaintiff's efforts to repeatedly regurgitate the same unmeritorious claims against the same defendants in this Court and others demonstrates that Plaintiff's aim is not for the vindication of valid claims but for harassment. There is no question that Plaintiff's pattern of vexatious litigation must be stopped.

(September 28, 2021 Opinion at 5.)

As such, the Court will enter an Order to Show Cause within fifteen (15) days why this Court should not enter a preclusion order and enjoin Plaintiffs Copeland and Jackson, as *pro se* litigants, from filing any claims in this District involving or arising out of foreclosure actions in New Jersey state court without prior leave of the Court, including any claims against federal, state,

4

and local governments, federal, state, and local government employees, law firms and employees, attorneys, judges, clerks, other judicial officers, accounting firms and employees, accountants, banks and employees, title companies and employees, insurance companies and employees, and condominium associations and employees.

## CONCLUSION

For the reasons stated above, all motions to dismiss (ECF 35; ECF 36; ECF 37; ECF 38; ECF 39; ECF 40; ECF 77) are **ADMINISTRATIVELY TERMINATED** as moot; Plaintiffs' Complaint (ECF 1) is **DISMISSED without prejudice**. Appropriate orders follow.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   José R. Almonte, U.S.M.J.
      Parties